IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

FAN LI TAI,

      Plaintiff,

vs.                                    No. 05-2614-B/V

FEDEX CORPORATION, et al.,

      Defendants.

---

ORDER GRANTING MOTION TO SET ASIDE ORDER OF DISMISSAL
ORDER VACATING ORDER OF DISMISSAL AND JUDGMENT
ORDER DIRECTING CLERK TO PROPERLY DOCKET EXHIBITS
ORDER OF PARTIAL DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

---

Plaintiff Fan Li Tai filed a pro se complaint pursuant to, inter alia, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), on August 24, 2005 and paid the civil filing fee. Plaintiff filed an amended complaint on September 8, 2005. (Docket Entry ("D.E.") 2.) The Court issued an order on December 5, 2005 that, inter alia, dismissed certain claims; directed Plaintiff to show cause, within thirty (30)days, why certain other claims should not be dismissed; and directed Plaintiff, within thirty (30) days, to file an amended complaint that complies with the Federal Rules of Civil Procedure. (D.E. 3.) On December 20, 2005, Plaintiff filed a motion seeking a ninety-day

extension of time to comply with the December 30, 2005 order. (D.E. 4.) Magistrate Judge Diane K. Vescovo issued an order on January 9, 2006 granting that motion and extending Plaintiff's time to comply with the December 5, 2005 order to, and including, April 17, 2006. (D.E. 5.) Plaintiff timely submitted his amended complaint on April 17, 2006 (D.E. 7)[1] but, due to an error by the Clerk, it was not docketed until April 24, 2006. Because it did not appear that Plaintiff had timely filed a second amended complaint, the Court issued an order on April 20, 2006 dismissing the case without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. (D.E. 6.) Judgment was entered on April 24, 2006. (D.E. 8.)

On April 27, 2006, Plaintiff filed a motion to set aside the dismissal order (D.E. 9), which the Court construes as a timely motion pursuant to Fed. R. Civ. P. 59(e). For good cause shown, Plaintiff's motion is GRANTED. The April 17, 2006 order of dismissal and the judgment are VACATED.

According to the Sixth Circuit, "a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999);

---

[1] The Court's review of Plaintiff's Second Amended Complaint has been hampered by the Clerk's decision randomly to group the exhibits together, rather than to separate them by exhibit number as called for by the Electronic Case Filing Attorney User Manual for the Western District of Tennessee, at 25-26 (Apr. 2006). The Clerk is directed, forthwith, to docket each exhibit in the Second Amended Complaint separately, in compliance with the Court's policy.

Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). There is an exception to this general rule, however, that permits a district court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple, 183 F.3d at 478 (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). In this case, Plaintiff has been given the opportunity to file an amended complaint.

The Court's December 5, 2005 order (D.E. 3 at 13 n.7) made clear that Plaintiff cannot sue the individual defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., because there is no remedy under Title VII against a co-worker or supervisor in his or her individual capacity. Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997). Count 2 of the Second Amended Complaint purports to assert Title VII claims against the individual defendants, Denise Burns, Tony Sharp, and Belinda Watkins.

The December 5, 2005 order (D.E. 3 at 11-13) also noted that the Court appeared to lack subject-matter jurisdiction over any Title VII claim against FedEx Corporation, Federal Express Corporation, Burns, Sharp, and Watkins because Plaintiff had not filed a charge of discrimination with the Equal Employment Opportunity Commission that named those parties. Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991) ("In order for

3

federal courts to have subject matter jurisdiction of [employment discrimination] claims, the claimant must first unsuccessfully pursue administrative relief."). Count 2 of the Second Amended Complaint purports to assert Title VII claims against these defendants.

The Court DISMISSES Count 2 of the Second Amended Complaint with respect to Defendants FedEx Corporation, Federal Express Corporation, Burns, Sharp, and Watkins for lack of subject-matter jurisdiction. The only proper defendant for Plaintiff's Title VII claim is FedEx Corporate Services, Inc.

The Second Amended Complaint also requests appointment of counsel. (D.E. 7-1 at 30.)[2] Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[3] Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." In this case, Plaintiff has not established that he is indigent and, therefore, he is not eligible for appointed counsel. Accordingly, the Court DENIES appointment of counsel.

---

[2] Plaintiff is reminded that any future request must be in the form of a motion and that compliance with Local Rule 7.2 is required.

[3] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

Within thirty (30) days of the date of entry of this order, Plaintiff shall personally appear at the Clerk's office and, upon presentation of a copy of this order, the Clerk shall provide Plaintiff six (6) blank, unsigned summonses. Pursuant to Fed. R. Civ. P. 4(b), Plaintiff is responsible for properly filling out the summonses and presenting them to the Clerk for signature and seal. If the summonses are in proper form, the Clerk shall sign, seal, and issue them to Plaintiff for service on Defendants. Plaintiff is responsible for ensuring that service is effected on Defendants pursuant to the Federal Rules of Civil Procedure.[4] Service shall be made on the corporate defendants pursuant to Fed. R. Civ. P. 4(h)(1). Service shall be made on the individual defendants pursuant to Fed. R. Civ. P. 4(e)4(e) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective. Service on each defendant shall include a copy of this order. Plaintiff shall file proof of service pursuant to Fed. R. Civ. P. 4(*l*).

It is ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorneys for each defendant or on any defendant that has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and the local rules of this Court.

---

[4] Plaintiff also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."

5

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

Plaintiff is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.

IT IS SO ORDERED this 5th day of January, 2007.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE