IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FAN LI TAI,

    Plaintiff,

v.                                                                        No. 05-2614 B

FEDEX CORPORATION, et al.,

    Defendants.
_____

ORDER DISMISSING CLAIMS AGAINST DEFENDANT FEDEX CORPORATION
AND DENYING AS MOOT MOTION TO DISMISS OR FOR SUMMARY JUDGMENT
_____

On June 25, 2007, this Court entered a second order directing the Plaintiff, Fan Li Tai, to show cause, by June 29, 2007, why claims against Defendant FedEx Corporation should not be dismissed for failure to prosecute. Tai, who is represented by counsel, was clearly admonished that "[f]ailure to adequately respond to this order by Friday, June 29, 2007 will result in dismissal of the claims against this Defendant." (Second Order to Show Cause Why Pl.'s Claims Against Def. FedEx Corp. Should Not Be Dismissed for Failure to Prosecute at 1) According to the Court's docket, the Plaintiff has to date failed to respond to the show cause order, even though the time for such response has expired.

Rule 41(b) provides for dismissal of actions for failure of the plaintiff to prosecute. Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The

Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.  The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted:  (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001).  Prior notice to the party that a failure to cooperate may result in dismissal is important to support the sanction.  Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

The Plaintiff has failed to respond to the second show cause order and to the pending motion to dismiss or for summary judgment, even after obtaining from the Court an extension of time in which to file such response.  Clearly, the necessity of monitoring a case that the Plaintiff has dilatorily permitted to languish indefinitely works some hardship on a Defendant seeking disposition of the action.  In addition, the Plaintiff has been cautioned by the Court in no uncertain terms

concerning the dire ramifications of any failures to comply with Court directives. Finally, under the circumstances, the Court finds that no sanction short of dismissal as to Defendant FedEx Corporation will cure the Plaintiff's failure to move the case against it forward. Indeed, it appears to the Court that the Plaintiff has elected not to pursue an action against this Defendant.

Based on the foregoing, the Plaintiff's claims with respect to Defendant FedEx Corporation are DISMISSED with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Further, the motion of this Defendant to dismiss or for summary judgment filed April 23, 2007 is DENIED AS MOOT.

IT IS SO ORDERED this 2nd day of July, 2007.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE