IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

FAN LI TAI,

    Plaintiff,

vs.                                    No. 05-2614-B/V

FEDEX CORPORATION, et al.,

    Defendants.

---

ORDER CORRECTING THE DOCKET
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER DENYING LEAVE TO PROCEED ON IN FORMA PAUPERIS ON APPEAL
AND
ORDER DENYING MOTION FOR AN EXTENSION OF TIME

---

On August 24, 2005, Plaintiff Fan Li Tai filed a pro se complaint pursuant to, inter alia, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and paid the civil filing fee. (Docket Entry ("D.E.") 1.) Plaintiff filed an amended complaint on September 8, 2005. (D.E. 2.) The Court issued an order on December 5, 2005 that, inter alia, dismissed certain claims, sua sponte, for want of subject-matter jurisdiction, directed Plaintiff to show cause why additional claims should not be dismissed, and directed Plaintiff to file an amended complaint that complies with the Federal Rules of Civil Procedure. (D.E. 3.) Plaintiff timely filed his second amended complaint on April 17, 2006 (D.E. 7), and the Court issued an order on January 5, 2007 that, inter alia, dismissed certain claims for want of subject-matter jurisdiction,

denied appointment of counsel, and directed the Clerk to issue summonses for, and Plaintiff to effect service on, Defendants. (D.E. 10.) An attorney filed a notice of appearance on behalf of Plaintiff on May 4, 2007. (D..E 14.)

On July 5, 2007, Defendant FedEx Corporate Services, Inc. filed a motion for summary judgment on the basis of judicial estoppel, alleging that Plaintiff failed to disclose these claims in a Chapter 13 bankruptcy petition filed in the United States Bankruptcy Court for the Western District of Tennessee. (D.E. 27.) After extensive briefing, the Court issued an order on January 17, 2008 granting the motion for summary judgment and dismissing the case. (D.E. 40.) Judgment was entered on March 5, 2008. (D.E. 41.) On April 5, 2008, Plaintiff filed a pro se notice of appeal. (D.E. 42.)[1]

Plaintiff has neither paid the appellate filing fee nor filed a motion seeking leave to proceed in forma pauperis on appeal. Notwithstanding that deficiency, the Court must also consider whether Plaintiff should be allowed to appeal in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along

---

[1] The Clerk is directed to correct the docket to reflect that Plaintiff is pro se, to update Plaintiff's address as reflected in the notice of appeal, and to mail a duplicate copy of this order to him at his address of record.

with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, the plaintiff must file his motion to proceed <u>in forma pauperis</u> in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss the complaint as barred by judicial estoppel also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal <u>in forma pauperis</u> is, therefore, DENIED. Plaintiff must pay the full $455 appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

On April 15, 2008, Plaintiff filed a motion, entitled "Motion For Extension of Time to File Appeal Documents" (D.E. 43), that does not specify the deadline Plaintiff seeks to extend. Plaintiff has already filed a notice of appeal and, for the reasons already stated, the Court has denied leave to proceed <u>in forma pauperis</u> on appeal. To the extent Plaintiff seeks an extension of time to file his appellate brief or any other document with the

Sixth Circuit, the motion must be addressed to that court. The motion for an extension of time is DENIED.

IT IS SO ORDERED this 24th day of April, 2008.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE